**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

OKASAKY RAMOS HERNANDEZ,

        *Petitioner*,

v.                                         Case No. 3:26-cv-337-WWB-LLL

U.S. ATTORNEY GENERAL, et al.,

        *Respondents.*

_____

## <u>ORDER</u>

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). At the time Petitioner filed this case, United States Immigration and Customs Enforcement ("**ICE**") was detaining Petitioner at North Florida Detention Facility.[1] (*Id.*). According to Petitioner, on September 30, 2010, his removal order became final. (*Id.* at 4). ICE then detained him on September 15, 2025, and he alleges that his prolonged detention has violated his constitutional rights seemingly under the purviews of *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 6–7). According to Petitioner, his removal is not reasonably foreseeable. (*Id.* at 6). Federal Respondents filed a Response. (Doc. 9).

In *Zadvydas*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. 533 U.S. 678. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. *Id.* at 701. The Court also concluded that six months is a presumptively reasonable period to detain a

_____

[1] Petitioner is now housed at Folkston D Ray ICE Processing Center.

removable alien awaiting deportation. *Id.* "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

Here, Petitioner's current detention began on September 15, 2025. (Doc. 1 at 4). When Petitioner filed the Petition on January 22, 2026, he had been in ICE custody for 129 days (excluding the date on which the Petition was filed). Typically, the *Zadvydas* claim in this action would not yet be ripe. In their Response, however, Federal Respondents contend that at the time their Response was filed, "Petitioner ha[d] been in custody for 189 days," which "is over the 180-day limit as set forth in *Zadvydas*." (Doc. 9 at 6). And, likely of more import, Federal Respondents admit they have "no documentary information to suggest there is" a significant likelihood of removal in the reasonably foreseeable future.[2] (*Id.*).

---

[2] Federal Respondents also argue the Petition should be denied because the Court lacks jurisdiction and Petitioner's detention is lawful. (Doc. 9 at 5). The Court rejects those arguments.

Federal Respondents do not contest that Petitioner has been detained longer than the presumptively reasonable six-month time period, and "nothing in *Zadvydas* precludes a challenge to detention before the presumptively constitutional time period has elapsed." See *Villanueva v. Tate*, 801 F. Supp. 3d 689, 702 (S.D. Tex Sept. 26, 2025).   Rather, "*Zadvydas* specifically holds that continued detention is proper only when the noncitizen's removal is reasonably foreseeable."  *Id.*  Notably, if Petitioner were to refile his Petition today, his post-removal-order detention period would be well over 180 days.  And despite being given the opportunity to show that there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future.  Federal Respondents fail to carry their burden.  Instead, they readily acknowledge they have no evidence to show his removal is reasonably foreseeable.

As such, considering the particular circumstances of this case and because Federal Respondents fail to show a significant likelihood that Petitioner will be removed in the reasonably foreseeable future, the Court finds Petitioner's continued detention is unlawful and he is entitled to release under *Zadvydas*.  *See* Zadvydas, 533 U.S. at 699 (The "court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.").[3]

---

[3] Because the Court grants relief on Petitioner's *Zadvydas* claim, it need not address Petitioner's other claims for relief.  *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** as to his *Zadvydas* claim and is otherwise **DENIED without prejudice as moot**.

2. Respondents shall release Petitioner, subject to supervision under 8 U.S.C. § 1231(a)(3), **within 24 hours** of this Order, and they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

3. The Warden's Motion to Dismiss (Doc. 8) is **DENIED**.

4. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on June 17, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Okasaky Ramos Hernandez, A074015408
        Counsel of record

---

cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).